IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ADAMS GROVE CONDOMINIUM ASSOCIATION, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | Civil No. 17-1565 |
| vs. | ) | Judge Nora Barry Fischer |
|  | ) |  |
| MAIN STREET AMERICA ASSURANCE COMPANY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**MEMORANDUM ORDER**

AND NOW, this 21st day of December, 2017, upon consideration of the Court's Show Cause Order from December 8, 2017, (Docket No. [7]), and Defendant Main Street American Insurance Company's amended notice of removal from December 12, 2017, (Docket No. [8]), the relevant attachments including Plaintiff's complaint in the Court of Common Pleas of Lawrence County, (Docket No. 8-1), and Defendant's allegations that jurisdiction in this Court is premised upon complete diversity of the parties pursuant to 28 U.S.C. § 1332(a)(1), IT IS HEREBY ORDERED that this case is hereby remanded to the Court of Common Pleas of Lawrence County, Pennsylvania FORTHWITH.

In so holding, the Court notes that "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or statute, which is not expanded by judicial decree." *Id.* (internal citations omitted). In every case, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). When a party removes a case to federal court,

1

the Court must remand the case "[i]f at any time before final judgment it appears that the [Court] lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Here, Plaintiff originally filed this case in the Court of Common Pleas of Lawrence County and Defendant removed it to this Court pursuant to 28 U.S.C. § 1446(a) on December 1, 2017. (Docket No. 1). Because Plaintiff's complaint asserts only claims under Pennsylvania law (breach of contract and insurance bad faith), Defendant argued that the Court has subject matter jurisdiction over this case based on complete diversity of citizenship between the parties under 28 U.S.C. § 1332(a)(1). (Docket No. 1 at ¶¶ 2-6). "For a removal predicated upon diversity of citizenship, a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006). Defendant, as the removing party asserting that the Court has jurisdiction over this case, bears the burden of establishing same.[1] *Kokkonen*, 511 U.S. at 377.

After reviewing Defendant's notice of removal and the documents attached thereto, the Court entered a Show Cause Order on December 8, 2017, requiring that Defendant file an amended notice of removal on or before December 15, 2017. (Docket No. 7). The Court noted that based on Plaintiff's allegations in the complaint, it appeared that Plaintiff was an unincorporated

---

[1] According to Defendant's notice of removal from December 1, 2017, Plaintiff's complaint (which is dated November 8, 2017) was filed on November 13, 2017. (Docket No. 1 at ¶ 1). In accordance with 28 U.S.C. § 1446(a) and Rule 11 of the Federal Rules of Civil Procedure, Defendant was required to conduct a reasonable inquiry into the facts relating to the citizenship of the parties prior to filing its notice of removal in this Court. Upon receipt of the complaint, Defendant should have proceeded expeditiously to secure corporate information relating to Plaintiff in Ohio and/or Pennsylvania, if any, in order to bolster its claim that there is complete diversity of citizenship between the parties. To the extent that Defendant did not have all the necessary information about Plaintiff or its owners, it could have requested same from its insurance agent, Stan Alfredo Insurance Agency. *See* (Docket Nos. 4-1; 4-2). Additionally, the Court would note that the policy has been renewed at least twice. (*Id.*). From this Court's perspective, it would appear that Defendant would have also had access to the underwriting file, which could have contained information relating to Plaintiff, its owners, and the like.

association. (*Id.* at 2). To this end, the complaint alleges: "Plaintiff is an organization that acts on behalf of individual unit owners at Adams Grove Condominium community, located in New Castle, Lawrence County, Pennsylvania, and is responsible for the maintenance and upkeep of the exterior of the buildings and common areas within the community." (Docket Nos. 1-2 at ¶ 3; 8-1 at ¶ 3); *see also Americold Realty Trust v. Conagra Foods, Inc.*, --- U.S. ---, 136 S. Ct. 1012, 1015 (2016) ("[W]e have equated an association's members with its owners or the several persons composing such association.") (internal marks and citations omitted). Thus, the Court explained in the Show Cause Order that Defendant's notice of removal was deficient because neither the complaint nor the notice of removal contained any allegations relating to the citizenship of Plaintiff's members. (Docket No. 7 at 2); *see also Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (the citizenship of an unincorporated association is determined by the citizenship of its partners or members, not by its principal place of business). The Court also noted that Defendant (a corporation) did not fully plead allegations relating to its own citizenship, as there were no allegations relating to Defendant's place of incorporation. (Docket No. 7 at 2); *see also* 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of its state of incorporation and the state where it has its principal place of business). Because Defendant failed to provide the Court with the necessary allegations to assess whether there is complete diversity of citizenship between the parties, the Court ordered that "Defendant shall Show Cause why this matter should not be remanded to the Court of Common Pleas of Lawrence County." (Docket No. 7 at 3).

On December 12, 2017, Defendant filed its amended notice of removal. (Docket No. 8). Therein, Defendant cured the deficiencies relating to its own citizenship because it now assets that Florida is both its place of incorporation and principal place of business. (*Id.* at ¶¶ 11-13). Nevertheless, Defendant's amended notice of removal remains deficient with respect to Plaintiff's

citizenship. In this regard, Defendant asserts that contrary to the Court's Show Cause Order, the citizenship of Plaintiff's individual members is not relevant because Plaintiff is not an unincorporated association. (Docket No. 8 at ¶ 8). Instead, based on a printout that it attached from the Pennsylvania Corporation Bureau, Defendant asserts that Plaintiff (Adams Grove Condominium Association) is actually some other incorporated non-profit entity with a different but similar name: "Adam**'**s Grove Condominium**s** **Owners** Association." (*Id.* at ¶ 6) (emphasis added); (Docket No. 8-2). Yet, despite the Show Cause Order having advised Defendant of its obligation under Rule 11 to conduct a reasonable inquiry into the facts alleged in its pleadings, Defendant pleads no facts explaining how it reaches this conclusion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (conclusory allegations are not entitled to the assumption of truth and do not state a plausible claim for relief under Rule 8(a)); *Dart Cherokee Basin Operating Co., LLC v. Owens*, --- U.S. ---, 135 S. Ct. 547, 553 (2014) ("By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure."); *Lincoln Ben.*, 800 F.3d at 108 (describing a party's pleading and Rule 11 obligations in this context).

Not only does Defendant ignore that Plaintiff has a different name than the other entity, but Defendant also ignores that their listed addresses are different. *Compare* (Docket No. 8-1 at 1) (listing Plaintiff's address in Youngstown, Ohio), *With* (Docket No. 8 at ¶ 6) (listing the other entity's address in New Castle, Pennsylvania). In this Court's estimation, Defendant's unexplained assumption that Plaintiff is actually the other entity is unreasonable, given that none of the pleadings or attached insurance documents in this case reference the other entity's name or listed address. *See* (Docket Nos. 1-2; 4-2-3; 8-1). In fact, Defendant's position here is contradicted by the documents that Defendant attached to its own motion to dismiss. The policywriting indexes and declarations pages state: (1) that the insured is "ADAMS GROVE CONDOMINIUM

ASSOCIATION," *i.e.,* Plaintiff, not the other entity; (2) that the insured's form of business is an "ASSOCIATION"; and, (3) that the insured's address is in Youngstown, Ohio. (Docket Nos. 4-2 at 1-2, 4; 4-3 at 2-3, 8). To be sure, there are two documents entitled "SCHEDULE OF NAMED INSURED(S)," one that is effective August 1, 2012 and the other that is effective August 1, 2014, which both state: "THE NAMED INSURED IS AMENDED TO READ: ADAMS GROVE CONDOMINIUM ASSOCIATION." (Docket Nos. 4-2 at 58; 4-2 at 63). As such, by searching the Pennsylvania Corporation Bureau and having found no entity with Plaintiff's name, Defendant's "investigation" here, if anything, actually demonstrates that Plaintiff is not incorporated in Pennsylvania.

The Court "must disregard nominal or formal parties" when assessing diversity jurisdiction, *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 461 (1980), "and can base its jurisdiction only upon the citizenship of parties with 'a real interest in the ligation.'" *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 359 (3d Cir. 2013); *see also Lewis v. Clarke*, --- U.S. ---, 137 S. Ct. 1285, 1294 (2017). As Defendant has pleaded no facts in support of its conclusory assertion that Plaintiff is actually the other non-profit entity with a different name and different address, Defendant has not established that the other entity is a real party to this controversy. *See Norfolk S. Ry. Co. v. Pittsburgh & W. Va. R.R.*, 153 F.Supp.3d 778, 807 (W.D. Pa. 2015) (finding that an entity that was not a party to the agreement could not sue the defendants for breach of contract). The Court must therefore disregard the other non-profit entity's citizenship for purposes of this analysis, *Johnson*, 724 F.3d at 359, and the Court will assess Plaintiff's citizenship under the test for unincorporated associations.

Defendant offers no basis to apply a different test. The Supreme Court has explained that an association's "members" are the equivalent to "its owners or the several persons composing

5

such association." *Americold*, 136 S. Ct. at 1015 (internal marks and citation omitted). Although Defendant is correct that the complaint does not specifically identify Plaintiff as being an "unincorporated association," (Docket No. 8 at ¶ 6), the complaint's allegation that "Plaintiff is an organization that acts on behalf of individual unit owners at Adams Grove Condominium community" nevertheless suggests that Plaintiff is an unincorporated association. (Docket Nos. 1-2 at ¶ 3; 8-1 at ¶ 3). Despite carrying the burden to establish otherwise, *Kokkonen*, 511 U.S. at 377, Defendant's amended notice of removal contains no well-pleaded allegations on this issue; its attached insurance documents identify Plaintiff as being an association; and Defendant's investigation revealed that there is no incorporated entity in Pennsylvania with Plaintiff's name. *See Americold*, 136 S. Ct. at 1017 ("So long as such an entity is unincorporated, we apply our 'oft-repeated rule' that it possesses the citizenship of all its members.").

In the Court's prior Show Cause Order, the Court acknowledged that at the pleading stage, Defendant is not required to affirmatively plead the citizenship of every member of an unincorporated association to establish diversity jurisdiction. (Docket No. 7 at 2-3); *Lincoln Ben.*, 800 F.3d at 107. The Court explained to Defendant, however, that in order to satisfy its obligations under Rule 11, Defendant must conduct a reasonable inquiry into the facts alleged in its pleadings by consulting the sources at its disposal, including court filings and other public records, and assert, at a minimum, that no members of the unincorporated association are citizens of the state(s) where it is a citizen, which in this case is Florida. (Docket No. 7 at 3); *Lincoln Ben.*, 800 F.3d at 108. Notwithstanding this admonition, Defendant did not include these required allegations in its notice of removal. *See* (Docket No. 8 at ¶¶ 6-8, 10).[2] Accordingly, Defendant having failed to cure the

---

[2] The Court notes that Defendant offered to provide the Court with any citizenship information of the members of the other incorporated non-profit entity when it obtains that entity's articles of incorporation. (Docket No. 8 at ¶¶ 7-8). As explained above, Defendant has failed to establish that this other entity has any relevance to this case or the jurisdictional inquiry, given that it is not mentioned in any

deficiencies identified by the Court in the Show Cause Order, the Court hereby remands the case to the Court of Common Pleas of Lawrence County forthwith.

IT IS SO ORDERED.

*s/ Nora Barry Fischer*  
Nora Barry Fischer  
United States District Judge

cc/ecf: All counsel of record.

---

of the pleadings or attached insurance documents. Therefore, Defendant's offer to provide such impertinent information at a future date rather than comply with the Court's Show Cause Order is unavailing. Moreover, the Court notes that Defendant did not seek an extension of time to conduct further investigation relating to the citizenship of Plaintiff's members. Indeed, Defendant filed its amended notice of removal in the morning of December 12, 2017, that is, more than three days before the 5:00 p.m. deadline on December 15, 2017.